1  PAUL L. REIN, Esq. (SBN 43053)
   LAW OFFICES OF PAUL L. REIN
2  200 Lakeside Drive, Suite A
   Oakland, CA 94612
3  Telephone: 510/832-5001
   Facsimile: 510/823-4787
4
5  JULIE A. OSTIL, Esq. (SBN 215202)
   LAW OFFICE OF JULIE OSTIL
   1989 Santa Rita Road, No. A-405
6  Pleasanton, CA 94566
   Telephone: 925/265-8257
7  Facsimile: 925/999-9465

8  Attorneys for Plaintiff
   CHRISTINA ADAMS
9

ORIGINAL
F I L E D

AUG - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

10             UNITED STATES DISTRICT COURT
11           NORTHERN DISTRICT OF CALIFORNIA

ADR

12

13  CHRISTINA ADAMS,                CASE NO. C08-03796 RS
                                    Civil Rights
14        Plaintiff,
                                    COMPLAINT FOR PRELIMINARY
15  v.                              AND PERMANENT INJUNCTIVE
                                    RELIEF AND DAMAGES: DENIAL
16  ERIK'S DELICAFÉ, INC.; GEORGE   OF CIVIL RIGHTS AND ACCESS TO
    OW, JR., DAVID L. OW, AND       PUBLIC FACILITIES TO
17  TERRY L. OW, AS INDIVIDUALS,    PHYSICALLY DISABLED PERSONS,
    AND AS TRUSTEES OF THE          AND PER CALIFORNIA STATUTES
18  GRANDCHILDREN'S TRUST;          (INCLUDING (CIVIL CODE §§ 51, 52,
    KING'S PLAZA SHOPPING           54, 54.1, 54.3, AND 55; and HEALTH
19  CENTER, A CALIFORNIA            & SAFETY CODE §§19955, et seq.);
    PARTNERSHIP; AND DOES 1-10,     INJUNCTIVE RELIEF PER TITLE III,
20  INCLUSIVE,                      AMERICANS WITH DISABILITIES
                                    ACT OF 1990
21        Defendants.
                        /           DEMAND FOR JURY TRIAL
22

23        Plaintiff CHRISTINA ADAMS complains of defendants ERIK'S

24  DELICAFÉ, INC.; GEORGE OW, JR., DAVID L. OW, AND TERRY L. OW,

25  AS INDIVIDUALS, AND AS TRUSTEES OF THE GRANDCHILDREN'S

26  TRUST; KING'S PLAZA SHOPPING CENTER, A CALIFORNIA

27  PARTNERSHIP; and DOES 1-10, Inclusive, and each of them, and alleges as

28  follows:

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1    1.    **INTRODUCTION:**    This case involves the denial of accessible

2   public facilities, including parking, paths of travel, access to the entrances,

3   interiors, public restrooms, and related facilities, to plaintiff and other disabled

4   persons at the Erik's DeliCafé  restaurant (hereinafter sometimes "Restaurant" or

5   "Erik's"), located at 1601 41st Ave., Capitola, California, and in the parking lot

6   serving Erik's and other businesses at the King's Plaza Shopping Center

7   (hereinafter sometimes "Shopping Center").  Plaintiff Christina Adams is a

8   "person with a disability" or "physically handicapped person," due to multiple

9   sclerosis.  Plaintiff requires the use of a motorized wheelchair for mobility and is

10  unable to use portions of public facilities which are not accessible to disabled

11  persons, including those who require the use of a wheelchair.  Plaintiff was

12  denied her rights to full and equal access at these facilities, and was denied her

13  civil rights under both California law and federal law, because these facilities

14  were not, and are not now, properly accessible to physically disabled persons,

15  including those who use wheelchairs.  Plaintiff seeks injunctive relief to require

16  defendants to make these facilities accessible to disabled persons and to ensure

17  that any disabled person who attempts to use the Erik's DeliCafé restaurant,

18  and/or the King's Plaza shopping center parking facilities, will be provided

19  properly disabled accessible facilities.  Plaintiff also seeks recovery of damages

20  for her discriminatory experiences and denial of access and civil rights, which

21  denial is continuing as a result of defendants' failure and refusal to provide

22  disabled accessible facilities.  Plaintiff also seeks recovery of reasonable statutory

23  attorney fees, litigation expenses and costs.

24    2.    **JURISDICTION:**  This Court has jurisdiction of this action

25  pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act

26  of 1990, 42 USC 12101, *et seq.*  Pursuant to pendant jurisdiction, attendant and

27  related causes of action arising from the same facts are also brought under

28  California law, including but not limited to violations of California Government

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -2-    S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1 Code §4450, *et. seq.*; Health & Safety Code §19955, *et seq.*, including §19959;

2 Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54,

3 54.1 and 55.

4     3.   **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b)

5 and is founded on the fact that the real property which is the subject of this action

6 is located in this district and that plaintiff's causes of action arose in this district.

7     4.   **INTRADISTRICT:** This case should be assigned to the San Jose

8 intradistrict as the real property which is the subject of this action is located in

9 this intradistrict and plaintiff's causes of action arose in this intradistrict.

10     5.   **PARTIES:** Plaintiff is a qualified physically disabled person who

11 cannot walk and who requires use of a motorized wheelchair for locomotion.

12 Defendants ERIK'S DELICAFÉ, INC.; GEORGE OW, JR., DAVID L. OW,

13 AND TERRY L. OW, AS INDIVIDUALS, AND AS TRUSTEES OF THE

14 GRANDCHILDREN'S TRUST; KING'S PLAZA SHOPPING CENTER, A

15 CALIFORNIA PARTNERSHIP; and DOES 1-10, Inclusive, are the owners,

16 operators, lessors, and lessees of the business, property, buildings and/or portions

17 thereof located at 1601 41st Ave., Capitola, California, and in the King's Plaza

18 shopping center parking lot which serves this restaurant and the other businesses

19 in the Shopping Center, which is located in the immediate vicinity of plaintiff's

20 residence and is frequently patronized by plaintiff. This Restaurant and the

21 Shopping Center are each a "public accommodation and business establishment"

22 subject to the requirements of California Health & Safety Code §19955 *et seq.*

23 and of California Civil Code §§ 51, 54, *et seq.* On information and belief, this

24 Restaurant and the Shopping Center facilities have, since July 1, 1970, undergone

25 construction and/or "alterations, structural repairs, or additions," subjecting each

26 such facility to disabled access requirements per Health & Safety Code §§ 19955-

27 19959, *et seq.* Construction and alterations since July 1, 1982 also subjected

28 these facilities to the requirements of California's Title 24, the State Building

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -3-          S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1  Code.  Further, irrespective of the alteration history, such premises are subject to

2  the "readily achievable" barrier removal requirements of Title III of the

3  Americans With Disabilities Act of 1990.

4       6.     The true names and capacities of Defendants Does 1 through 10,

5  Inclusive, are unknown to plaintiff who therefore sues said defendants by such

6  fictitious names.  Plaintiff is informed and believes that each of the defendants

7  herein designated as a Doe is legally responsible in some manner for the events

8  and happenings herein referred to and caused injury and damages proximately

9  thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to

10  show such true names and capacities when the same have been ascertained.

11       7.     Defendants ERIK'S DELICAFÉ, INC.; GEORGE OW, JR., DAVID

12  L. OW, AND TERRY L. OW, AS INDIVIDUALS, AND AS TRUSTEES OF

13  THE GRANDCHILDREN'S TRUST; KING'S PLAZA SHOPPING CENTER, A

14  CALIFORNIA PARTNERSHIP; and DOES 1-10, Inclusive, are and were the

15  owners, operators, lessors and  lessees of the subject business, property and/or

16  building at all times relevant to this Complaint.  Plaintiff is informed and believes

17  that each of the defendants herein is the agent, employee or representative of each

18  of the other defendants, and performed all acts and omissions stated herein within

19  the scope of such agency or employment or representative capacity and is

20  responsible in some manner for the acts and omissions of the other defendants in

21  proximately causing the damages complained of herein.

22

23  **FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF**
   **FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**
24  **ACCOMMODATION: PUBLIC FACILITIES IN A PUBLIC FACILITY**
   **(California Health & Safety Code §§ 19955, *et seq.*, Civil Code §§54.1, *et seq.*)**
25

26       8.     Plaintiff repleads and incorporates by reference, as if fully set forth

27  again herein, the factual allegations contained in Paragraphs 1 through 7, above,

28  and incorporates them herein by reference as if separately repled hereafter.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -4-    S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

9.     Plaintiff Christina Adams and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19955, *et seq.* Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, *et seq.*

10.     Health & Safety Code §§ 19955 and 19955.5 were enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to the Erik's DeliCafé restaurant, located at 1601 41st Ave., Capitola, California, and to the parking facilities and exterior paths of travel in the adjacent parking lot of the King's Plaza shopping center. The codes relating to such public accommodations also require that "When sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the subject building and to the Shopping Center's parking facilities during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of

1 | California Government Code §§ 4450ff.

2 |    11.    **FACTUAL STATEMENT:**    On or about February 2, 2008,

3 | plaintiff Christina Adams visited the King's Plaza shopping center in order to

4 | have lunch with her mother at the Erik's DeliCafé restaurant, located at 1601 41st

5 | Ave., Capitola.  Plaintiff, who is disabled by multiple sclerosis and uses a

6 | motorized wheelchair for mobility, lives only a few blocks away from this

7 | Shopping Center, and often patronizes the businesses there.  On February 2, 2008

8 | plaintiff was driven to the Shopping Center by her mother, driving plaintiff's

9 | disabled accessible licensed van.  Because there were no accessible parking

10 | spaces anywhere on the side of the Shopping Center where Erik's DeliCafé is

11 | located, plaintiff and her mother parked their van in a designated "accessible"

12 | parking space at the front of the OSH store, located around the corner from Erik's,

13 | in the same Shopping Center.

14 |    12.    After plaintiff exited her van, she tried to proceed up the walkway

15 | toward Erik's, but had difficulty traveling on this route because multiple shopping

16 | carts blocked her path, and the walkway itself was excessively steep in the

17 | necessary direction and lacked legally required handrails.  However, with the

18 | assistance of her mother, plaintiff was able to move the carts out of the way and

19 | proceed up the sidewalk, then turn at the walkway's corner and proceed to Erik's.

20 | At the Restaurant's entrance, plaintiff found the entry door excessively heavy to

21 | open and it did not have the required "kickplate" at the base of the door.

22 |    13.    Inside the Restaurant plaintiff and her mother ordered sandwiches "to

23 | go."  Plaintiff chose to order food "to go" in part because it did not appear that

24 | any of the tables provided the required clearance needed for use by wheelchair

25 | users.  While waiting for their food, plaintiff required use of the restroom.

26 | Because of the configuration of the restroom and its entrance, plaintiff had some

27 | difficulty entering the restroom and had some trouble closing the restroom door

28 | behind her.  Then, as she approached the side of the toilet, near the sink, she

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -6-      S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1  found that she was wedged in and could not turn around or exit the restroom

2  because of the restroom lacked the required space between the fixtures and lacked

3  the required turning area, nor could she use the facilities due to the tight space

4  between the toilet and the sink.  As a result, plaintiff suffered a bodily functions

5  accident, to her humiliation and embarrassment.  Plaintiff called out for help, and

6  was eventually rescued by her mother.  Plaintiff's clothes were wet and soiled,

7  and she suffered physical, mental and emotional injury, all to her damages.

8      14.    These public facilities are inaccessible to persons with disabilities in

9  multiple aspects, including but not limited to the following: the lack of the

10  required number and location of accessible and van-accessible parking facilities;

11  inaccessible paths of travel from designated "accessible" parking spaces in the

12  Shopping Center to the Restaurant; lack of an accessible pedestrian path of travel

13  from the public way to the Restaurant and other Shopping Center businesses;

14  entry problems at the Restaurant as to door weight and hardware, landing size and

15  slope; and inaccessible interior paths of travel and an inaccessible public restroom

16  in the Restaurant; all rendering these premises illegally inaccessible to and

17  unuseable by physically disabled persons, including plaintiff.  All facilities must

18  be brought into compliance with all applicable federal and state code

19  requirements.

20      15.    Further, each and every violation of the Americans With Disabilities

21  Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of

22  which are repled and incorporated herein, word for word, as if separately repled),

23  also constitutes a separate and distinct violation of California Civil Code §54(c),

24  thus independently justifying an award of damages and injunctive relief pursuant

25  to California law, including but not limited to Civil Code §§ 54.3 and 55.

26      16.    Further, each and every violation of the Americans With Disabilities

27  Act of 1990 (as pled in the Third Cause of Action, *infra*, the contents of which are

28  repled and incorporated herein, word for word, as if separately repled), also

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -7-          S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1  constitutes a separate and distinct violation of California Civil Code §54.1(d),

2  thus independently justifying an award of damages and injunctive relief pursuant

3  to California law, including but not limited to Civil Code §§ 54.3 and 55.

4      17.  **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit

5  the acts and omissions of defendants as complained of herein which are

6  continuing on a day-to-day basis and which have the effect of wrongfully

7  excluding plaintiff and other members of the public who are physically disabled

8  wheelchair users from full and equal access to these public facilities.  Such acts

9  and omissions are the cause of humiliation and mental and emotional suffering of

10  plaintiff in that these actions continue to treat plaintiff as an inferior and second

11  class citizen and serve to discriminate against her on the sole basis that she is a

12  person with disabilities who requires the use of a wheelchair for movement in

13  public places.  Plaintiff is unable, so long as such acts and omissions of

14  defendants continue, to achieve equal access to and use of these public facilities,

15  and cannot return to use the Restaurant and the Shopping Center's facilities until

16  they are made properly accessible to disabled persons.  Plaintiff alleges that she

17  intends to do so, once legally required access has been provided.  Plaintiff has

18  also been deterred from more frequent patronage of the Shopping Center by its

19  lack of properly accessible parking facilities.  The acts of defendants have

20  proximately caused and will continue to cause irreparable injury to plaintiff if not

21  enjoined by this Court.   As to those of the defendants that currently own, operate,

22  and/or lease (from or to) the subject Restaurant and Shopping Center, plaintiff

23  seeks preliminary and permanent injunctive relief to enjoin and eliminate the

24  discriminatory practices and barriers that deny equal access for disabled persons,

25  and for reasonable attorney fees.

26      18.   Wherefore plaintiff asks this Court to preliminarily and permanently

27  enjoin any continuing refusal by defendants to grant full and equal access to

28  plaintiff in the respects complained of and to require defendants to comply

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -8-          S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1  forthwith with the applicable statutory requirements relating to access for disabled

2  persons.  Such injunctive relief is provided by California Health & Safety Code

3  §19953 and California Civil Code §55, and other law.  Plaintiff further requests

4  that the Court award damages pursuant to Civil Code §54.3 and other law and

5  attorney fees, litigation expenses, and costs  pursuant to Health & Safety Code

6  §19953, Civil Code §§ 54.3 and 55, Code of Civil Procedure §1021.5 and other

7  law, all as hereinafter prayed for.

8      19.    **DAMAGES:**  As a result of the denial of equal access to these

9  facilities, and due to the acts and omissions of defendants and each of them in

10  owning, operating, leasing, constructing, altering, and maintaining the subject

11  facilities, plaintiff suffered a violation of her civil rights, including but not limited

12  to rights under Civil Code §§ 54 and 54.1, all to her damages per Civil Code

13  §54.3, including statutory treble damages, as hereinafter stated.  Defendants'

14  actions and omissions to act constitute discrimination against plaintiff on the sole

15  basis that  she was and is physically disabled and unable, because of the

16  architectural and other barriers created and/or maintained by the defendants in

17  violation of the subject laws, to use the public facilities on a full and equal basis

18  as other persons.

19      20.    **TREBLE DAMAGES** - Plaintiff has been damaged by defendants'

20  wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54, 54.1,

21  and 54.3.  At all times herein mentioned, defendants were fully aware that

22  significant numbers of potential users of their public facilities are and will be

23  physically disabled persons.  Further defendants knew that some of the  Shopping

24  Center's patrons and Restaurant's patrons would be and were physically disabled

25  persons, including wheelchair users and other mobility-impaired persons, and

26  would have need of facilities that complied with California Title 24 and ADAAG

27  standards for accessible facilities. Despite this knowledge, defendants installed

28  and maintained the physical barriers complained of.  On information and belief,

1  defendants failed to remove these barriers even after complaints to defendants

2  employees by plaintiff and other disabled persons, and have failed to provide

3  properly accessible facilities as required by state and federal law.  Defendants

4  have continued their illegal and discriminatory policies and practices despite

5  actual knowledge that people with physical mobility disabilities attempt to

6  patronize the subject public facilities and encounter illegal barriers when they do

7  so.

8       21.    At all times herein mentioned, defendants knew, or in the exercise of

9  reasonable diligence should have known, that their barriers and practices at their

10  subject facilities violated disabled access requirements and standards, and had a

11  discriminatory affect upon plaintiff and upon other physically disabled persons,

12  but defendants have failed and refused to rectify these violations, and presently

13  continue a course of conduct of failure to remove architectural barriers that

14  discriminate against plaintiff and similarly situated disabled persons.

15       22.    **FEES AND COSTS:**  As a result of defendants' acts, omissions, and

16  conduct, plaintiff has been required to incur attorney fees, litigation expenses, and

17  costs as provided by statute, in order to enforce plaintiff's rights and to enforce

18  provisions of the law protecting access for disabled persons and prohibiting

19  discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

20  reasonable attorney fees and costs, pursuant to the provisions of Civil Code §§

21  54.3 and 55.  Additionally, plaintiff's lawsuit is intended to require that

22  defendants make their facilities accessible to all disabled members of the public,

23  justifying "public interest" attorney fees and costs pursuant to the provisions of

24  California Code of Civil Procedure §1021.5 and other applicable law.

25       WHEREFORE, plaintiff prays for damages and injunctive relief as

26  hereinafter stated.

27  //

28  //

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        -10-        S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1
2
3

## SECOND CAUSE OF ACTION:
### VIOLATION OF UNRUH CIVIL RIGHTS ACT
### CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,
### ON THE BASIS OF DISABILITY

4    23.    Plaintiff repleads and incorporates by reference, as if fully set forth

5    again herein, the factual allegations contained in Paragraphs 1 through 22, above,

6    and incorporates them herein by reference as if separately repled hereafter.

7    24.    At all times herein mentioned, the Unruh Civil Rights Act, California

8    Civil Code §51(b), provided that:

9    All persons within the jurisdiction of this state are free and equal,
     and no matter what their sex, race, color, religion, ancestry, national
10   origin, disability, or medical condition are entitled to the full and
     equal accommodations, advantages, facilities, privileges, or services
11   in all business establishments of every kind whatsoever.

12   Per §51(f),

13   A violation of the right of any individual under the Americans With
     Disabilities Act of 1990 (Public Law 101-336) shall also constitute a
14   violation of this section.

15   25.    Plaintiff suffered damages as above described as a result of

16   defendants' violation of California Civil Code §§ 51(b) and 51(f) in multiple

17   respects, including but not limited to violations of the ADA, as described in the

18   Third Cause of Action, *infra*, the contents of which cause of action is

19   incorporated herein as if separately repled. California Civil Code §52(a) provides

20   that each such violation entitles plaintiff to "the actual damages, and any amount

21   that may be determined by a jury, or a court sitting without a jury, up to a

22   maximum of three times the amount of actual damage but in no case less than four

23   thousand dollars ($4,000), and any attorney fees that may be determined by the

24   court in addition thereto..."

25   WHEREFORE, plaintiff prays for damages and injunctive relief as

26   hereinafter stated.

27   //

28   //

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -11-    S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

# THIRD CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### 42 USC §12101*FF*

26.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

27.    Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." On information and belief, the number of disabled persons protected by the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), is now in excess of fifty million Americans, as of the filing of this Complaint.

28.    Congress stated as its purpose in enacting the Americans with Disabilities Act of 1990 (42 USC §12101(b)), that:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day-to-day</u> by people with disabilities. (Emphasis added)

29.     As part of the ADA, Congress enacted "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, per § 301(7)(B), which includes "a restaurant, bar, or other sales or rental establishment serving food or drink," and § 301(7)(E), which includes "a ... hardware store, shopping center or other sales or rental establishment."

30.     Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

31.     Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(A)(iii):  "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -13-      S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1  §302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier

2  under clause (iv) is not readily achievable, a failure to make such goods, services,

3  facilities, privileges, advantages, or accommodations available through alternative

4  methods if such methods are readily achievable." The acts and omissions of

5  defendants set forth herein were in violation of plaintiff's rights under the ADA,

6  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part

7  36ff.

8      32.    The removal of each of the barriers complained of by plaintiff as

9  hereinabove alleged, were at all times herein mentioned "readily achievable"

10 under the standards of the ADA. As noted hereinabove, removal of each and

11 every one of the architectural barriers complained of herein were also required

12 under California law. Further, on information and belief, alterations, structural

13 repairs or additions since January 26, 1992 have also independently triggered

14 requirements for removal of barriers to access for disabled persons per §303 of

15 the ADA, as well as per California Health and Safety Code §19959.

16     33.    On information and belief, as of the date of plaintiff's efforts to dine

17 at the Erik's DeliCafé restaurant and to park in the Shopping Center's parking

18 facilities, and as of the filing of this Complaint, the premises have denied and

19 continue to deny full and equal access to plaintiff and to other disabled persons,

20 including wheelchair users, in other respects, which violated plaintiff's rights to

21 full and equal access and which discriminated against plaintiff on the basis of her

22 disability, thus wrongfully denying to plaintiff the full and equal enjoyment of the

23 goods, services, facilities, privileges, advantages and accommodations, in

24 violation of §302 of the ADA, 42 USC §12182.

25     34.    Pursuant to the Americans with Disabilities Act, 42 USC 12188ff,

26 §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of

27 the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as plaintiff is being subjected

28 to discrimination on the basis of disability in violation of this title or has

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -14-    S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

1    reasonable grounds for believing that she is about to be subjected to

2    discrimination in violation of §302 and §303. On information and belief,

3    defendants have continued to violate the law and deny the rights of plaintiff and

4    other disabled persons access to these public accommodations since on or before

5    plaintiff's encounters, as previously noted. Pursuant to §308(a)(2), "In cases of

6    violations of §302(b)(2)(A)(iv) and §303(a)... injunctive relief shall include an

7    order to alter facilities to make such facilities readily accessible to and usable by

8    individuals with disabilities to the extent required by this title."

9        35.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the

10   Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

11   Regulations adopted to implement the Americans with Disabilities Act of 1990.

12   Plaintiff is a qualified disabled person for purposes of §308(a) of the ADA who is

13   being subjected to discrimination on the basis of disability in violation of Title III

14   and who has reasonable grounds for believing she will be subjected to such

15   discrimination each time that she may attempt to use the property and premises.

16       WHEREFORE, plaintiff prays for damages and injunctive relief as

17   hereinafter stated.

18

19                                **PRAYER**

20       Plaintiff prays that this Court:

21       1.    Issue a preliminary and permanent injunction directing defendants as

22   current owners, operators, lessors, and/or lessees of the subject property and

23   premises to modify the above described property and premises and related

24   facilities to provides full and equal access to all persons, including persons with

25   physical disabilities; and issue a preliminary and permanent injunction pursuant

26   to ADA § 308(a) and state law directing defendants to provide facilities usable by

27   plaintiff and similarly situated persons with disabilities, and which provide full

28   and equal access, as required by law;

2.    Retain jurisdiction over the defendants until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and can not recur;

3.    Award to plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4.    Award to plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.    Award prejudgment interest pursuant to Civil Code § 3291; and

6.    Grant such other and further relief as this Court may deem just and proper.


Dated: August 7, 2008                    LAW OFFICES OF PAUL L. REIN
                                         LAW OFFICE OF JULIE OSTIL


                                         By PAUL L. REIN
                                         Attorneys for Plaintiff
                                         CHRISTINA ADAMS


## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: August 7, 2008                    LAW OFFICES OF PAUL L. REIN
                                         LAW OFFICE OF JULIE OSTIL


                                         By PAUL L. REIN
                                         Attorneys for Plaintiff
                                         CHRISTINA ADAMS

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          -16-        S:\SLR\ERIK'S DELI\PLEADINGS\ERIK'S DELI.CMP.wpd

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

CHRISTINA ADAMS

**DEFENDANTS**

Erik's Delicafé, Inc.; George Ow, Jr., David L. Ow, and Terry L. Ow, Trustees of the Grandchildren's Trust; King's Plaza Shopping Center

**(b)** County of Residence of First Listed Plaintiff  Santa Cruz
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Paul Rein, 200 Lakeside Dr., A, Oakland, CA 94612, 510/832-5001

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities—Employment<br>☒ 446 Amer. w/Disabilities—Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus — Alien Detainee<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Americans With Disabilities Act of 1990; 42 USC 12101ff; Public facility denying access to physically disabled persons

Brief description of cause:
Public facility denying access to physically disabled persons

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE
8/7/08

SIGNATURE OF ATTORNEY OF RECORD