1 │ PAUL L. REIN, Esq. (SBN 43053)
  │ LAW OFFICES OF PAUL L. REIN                    *E-Filed 4/20/09*
2 │ 200 Lakeside Drive, Suite A
  │ Oakland, CA 94612
3 │ Telephone: 510/832-5001
  │ Facsimile: 510/823-4787
4 │ Attorneys for Plaintiff
  │ CHRISTINA ADAMS
5 │

6 │ CALEB SEQUOIA BASKIN, SB No. 226132
  │   csbaskin@baskingrant.com
7 │ REBECCA J. FOWLER, SB No. 228852
  │   rjfowler@baskingrant.com
8 │ BASKIN & GRANT, LLP
  │ 730 MISSION STREET
9 │ SANTA CRUZ, CALIFORNIA 95060-3615
  │ Tel: (831) 425-8999
10 │ Fax: (831) 425-8853
   │ Attorneys for ERIK'S DELICAFÉ, INC.; GEORGE OW, JR., DAVID L. OW, AND TERRY L.
11 │ OW, AS INDIVIDUALS, AND AS TRUSTEES OF THE GRANDCHILDREN'S TRUST;
   │ KING'S PLAZA SHOPPING CENTER, A CALIFORNIA PARTNERSHIP
12 │

13 │ **UNITED STATES DISTRICT COURT**

14 │ **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

15 │

16 │ CHRISTINA ADAMS,                          CASE NO. C08-03796 RS

17 │           Plaintiff,                      **CONSENT DECREE AND *{PROPOSED}***
   │                                           **ORDER**
18 │      vs.

19 │ ERIK'S DELICAFÉ, INC.; GEORGE OW,
   │ JR., DAVID L. OW, AND TERRY L. OW,
20 │ AS INDIVIDUALS, AND AS TRUSTEES
   │ OF THE GRANDCHILDREN'S TRUST;
21 │ KING'S PLAZA SHOPPING CENTER, A
   │ CALIFORNIA PARTNERSHIP; AND DOES
22 │ 1-10, INCLUSIVE,

23 │           Defendants.

24 │

25 │ **CONSENT DECREE AND ORDER**

26 │     1.      Plaintiff CHRISTINA ADAMS ("Plaintiff") filed a Complaint in this action on

27 │ August 8, 2008, to obtain recovery of damages for her alleged discriminatory experiences, denial

28 │ of access, denial of civil rights, and to enforce provisions of the Americans with Disabilities Act

C08-03796 RS

1  of 1990 ("ADA"), 42 U.S.C. §§12101 et seq., and California civil rights laws against Defendants

2  ERIK'S DELICAFÉ, INC.; GEORGE OW, JR., DAVID L. OW, and TERRY L. OW, as

3  individuals and as trustees of THE GRANDCHILDREN'S TRUST; and KING'S PLAZA

4  SHOPPING CENTER, A CALIFORNIA PARTNERSHIP ("Defendants"), relating to the

5  condition of the public accommodations at Erik's DeliCafé, located at 1601 41st Avenue,

6  Capitola, California.  Plaintiff has alleged that Defendants violated Title III of the ADA and §§51,

7  52, 54, 54.1, 54.3 and 55 of the California Civil Code, and §§19955 et seq. of the California

8  Health and Safety Code, by failing to provide full and equal access to the facilities at Erik's

9  DeliCafé.

10      2.      Defendants deny the allegations in the Complaint and by entering into this Consent

11  Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in

12  this action.  The parties hereby enter into this Consent Decree and Order for the purpose of

13  resolving this lawsuit without the need for protracted litigation, and without the admission of any

14  liability.

15                          **JURISDICTION**

16      3.      The parties to this Consent Decree and Order agree that the Court has jurisdiction

17  of this matter pursuant to 28 USC §1331 for alleged violations of the ADA, 42 U.S.C. §§12101 et

18  seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety

19  Code §§19955 et seq., including §19959; Title 24 California Code of Regulations; and California

20  Civil Code §§51, 52, 54, 54.1, 54.3 and 55.

21      4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the

22  parties to this Consent Decree and Order agree to entry of this Order to resolve all claims raised in

23  the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without

24  trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

25      WHEREFORE, the parties to this Consent Decree and Order hereby agree and stipulate to

26  the Court's entry of this Consent Decree and Order, which provides as follows:

27  / / /

28  / / /

1    **SETTLEMENT OF INJUNCTIVE RELIEF**

2       5.      This Order shall be a full, complete, and final disposition and settlement of

3    Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject

4    Complaint. The parties agree that there has been no admission or finding of liability or violation

5    of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be

6    construed as such.

7       6.      Remedial Measures: The corrective work agreed upon by the parties is as set forth

8    in **Attachment A.**

9       7.      The parties agree and stipulate that the corrective work will be performed in

10   compliance with the standards and specifications for disabled access as set forth in the California

11   Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines,

12   unless other standards are specifically agreed to in this Consent Decree and Order.

13      8.      Timing of Injunctive Relief: Defendants will complete all work by July 1, 2009. In

14   the event that unforeseen difficulties prevent Defendants from completing any of the agreed upon

15   injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within 15

16   days of discovering the delay. Defendants or their counsel will notify Plaintiff's counsel when the

17   corrective work is completed, and, in any case, will provide a status report no later than 120 days

18   from the entry of this Consent Decree and Order.

19   **DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES AND COSTS**

20      9.      The parties have reached an agreement regarding Plaintiff's claims for damages,

21   attorney fees, litigation expenses and costs. Defendants will collectively pay the amount of

22   $15,000.00 within 15 days of entry of this order by the Court in full satisfaction of Plaintiff's

23   claims for all damages, including personal injury, civil rights, and all other forms of damages.

24   Defendants will collectively pay the amount of $27,239 in full satisfaction of Plaintiff's claims for

25   attorney fees, litigation expenses, and costs within 30 days of entry of this order by the Court.

26   Payments shall be made by check payable to "Paul L. Rein in Trust for Christina Adams."

27   **ENTIRE CONSENT ORDER**

28      10.     This Consent Decree and Order, and **Attachment A** to this Consent Decree and

1  Order, which is incorporated herein by reference as if fully set forth in this document, constitute

2  the entire agreement between the signing parties, and no other statement, promise, or agreement,

3  either written or oral, made by any of the parties or agents of any of the parties, that is not

4  contained in this written Consent Decree and Order, shall be enforceable regarding the matters

5  described herein.

6  **CONSENT DECREE AND ORDER**

7  **BINDING ON PARTIES AND SUCCESSORS IN INTEREST**

8      11.    This Consent Decree and Order shall be binding on Plaintiff CHRISTINA ADAMS

9  and Defendants ERIK'S DELICAFÉ, INC.; GEORGE OW, JR., DAVID L. OW, and TERRY L.

10  OW, as individuals and as trustees of THE GRANDCHILDREN'S TRUST, and any successors in

11  interest.  The parties have a duty to so notify all such successors in interest of the existence and

12  terms of this Consent Decree and Order during the period of the Court's jurisdiction of this

13  Consent Decree and Order.

14  **MUTUAL RELEASE AND WAIVER OF CALIFORNIA CIVIL CODE SECTION 1542**

15      12.    Each of the parties to this Consent Decree and Order understands and agrees that

16  there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order,

17  any or all of them will incur, suffer, or experience some further loss or damage with respect to the

18  lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed

19  by the parties.  Except for all obligations required in this Consent Decree and Order, the parties

20  intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit,

21  except those caused by the parties subsequent to the execution of this Consent Decree and Order.

22  Therefore, except for all obligations required in this Consent Decree and Order, this Consent

23  Decree and Order shall apply to and cover any and all claims, demands, actions and causes of

24  action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the

25  same are known, unknown or hereafter discovered or ascertained, and the provisions of Section

26  1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

27      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS

28      WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

C08-03796 RS

1  EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING

2  THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST

3  HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT

4  WITH THE DEBTOR.

5      13.    Except for all obligations required in this Consent Decree and Order, each of the

6  parties to this Consent Decree and Order, on behalf of their respective agents, representatives,

7  predecessors, successors, heirs, partners and assigns, releases and forever discharges each other

8  party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners,

9  parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and

10  representatives of each other party, from all claims, demands, actions, and causes of action of

11  whatever kind or nature, presently known or unknown, arising out of or in any way connected

12  with the lawsuit.

13  **TERM OF THE CONSENT DECREE AND ORDER**

14      14.    This Consent Decree and Order shall be in full force and effect for a period of 12

15  months after the date of entry of this Consent Decree and Order, or until the injunctive relief

16  contemplated by this Order is completed, whichever occurs later.  The Court shall retain

17  jurisdiction of this action to enforce provisions of this Consent Decree and Order for 12 months

18  after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this

19  Consent Decree and Order is completed, whichever occurs later.

20  **SEVERABILITY**

21      15.    If any term of this Consent Decree and Order is determined by any court to be

22  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full

23  force and effect.

24  **SIGNATORIES BIND PARTIES**

25      16.    Signatories on the behalf of the parties represent that they are authorized to bind the

26  parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in

27  counterparts, and a facsimile signature shall have the same force and effect as an original

28  signature.

1  NOW THEREFORE, IT IS HEREBY STIPULATED as follows:

2  DATED: 4 - 11 - 6 , 2009

3

4                                    By: *Christina Adams.*
                                         Plaintiff CHRISTINA ADAMS
5

6  DATED: _____, 2009

7

8                                    By: _____
                                         Defendant GEORGE OW, JR.,
9                                        as an individual and as a trustee of THE
                                         GRANDCHILDREN'S TRUST
10 DATED: _____, 2009

11

12                                   By: _____
                                         Defendant DAVID L. OW,
13                                       as an individual and as a trustee of THE
                                         GRANDCHILDREN'S TRUST
14

15 DATED: _____, 2009

16

17                                   By: _____
                                         Defendant TERRY L. OW,
18                                       as an individual and as a trustee of THE
                                         GRANDCHILDREN'S TRUST
19

20 DATED: _____, 2009

21

22                                   By: _____
                                         ERIK JOHNSON, President, of
23                                       Defendant ERIK'S DELICAFÉ, INC.

24 **SIGNATURES CONTINUED ON NEXT PAGE**

25 ///

26 ///

27 ///

28 ///

1 | NOW THEREFORE, IT IS HEREBY STIPULATED as follows:

2 | DATED: _____, 2009

3

4 |                                         By: _____
                                              Plaintiff CHRISTINA ADAMS
5

6 | DATED: 4-13____, 2009

7

8 |                                         By: _____
                                              Defendant GEORGE OW, JR.
                                              as an individual and as a trustee of THE
9                                             GRANDCHILDREN'S TRUST

10 | DATED: 4-6 — ___, 2009

11

12 |                                        By: _____
                                              Defendant DAVID L. OW,
13                                            as an individual and as a trustee of THE
14                                            GRANDCHILDREN'S TRUST

15 | DATED: 4-7-____, 2009

16

17 |                                        By: _____
                                              Defendant TERRY L. OW,
18                                            as an individual and as a trustee of THE
19                                            GRANDCHILDREN'S TRUST

20 | DATED: 4/10____, 2009

21

22 |                                        By: _____
                                              ERIK JOHNSON, President, of
23                                            Defendant ERIK'S DELICAFÉ, INC.

24 | **SIGNATURES CONTINUED ON NEXT PAGE**

25 | ///

26 | ///

27 | ///

28 | ///

6
CONSENT DECREE AND ORDER                                    C08-03796 RS

1  APPROVED AS TO FORM:

2  DATED: **4|14|**, 2009                    LAW OFFICES OF PAUL L. REIN
                                              LAW OFFICE OF JULIE OSTIL
3

4
                                              By: _____
5
                                              PAUL L. REIN
6                                             Attorneys for Plaintiff CHRISTINA ADAMS

7  DATED: **4 - 14**, 2009                    BASKIN & GRANT, LLP

8

9                                             By: _____
                                              REBECCA J. FOWLER
10                                            Attorneys for Defendants ERIK'S DELICAFE,
                                              INC.; GEORGE OW, JR., DAVID L. OW, AND
11                                            TERRY L. OW, as individuals and as trustees of
                                              THE GRANDCHILDREN'S TRUST
12

13

14                          **ORDER**

15      Pursuant to stipulation, and for good cause shown,

16  **IT IS SO ORDERED:**

17  DATED: April 20            , 2009

18

19                                            _____

20                                            RICHARD SEEBORG
                                              United States Magistrate Judge
21

22

23

24

25

26

27

28

                                    7
                        CONSENT DECREE AND ORDER                    C08-03796 RS

# ATTACHMENT A

## **ATTACHMENT A**

1.      Path of travel, with handrails, to Erik's DeliCafé entrance from the public way. This shall be comprised of an accessible route of travel, connecting the public sidewalk on Capitola Road to the raised walkway that runs in front of 1601-W 41st Avenue, Capitola, CA, 95010. Beginning at a point on Capitola Road, approximately 50 feet east of the existing bus stop shelter:

        a.      Construct a curb ramp that slopes a maximum 8.3%, and descends from the public sidewalk into a marked no-parking zone at the level of the existing parking lot;

        b.      From the no-parking zone, in a direction that is 90-degrees from Capitola Road, mark a 4-foot wide accessible route of travel that slopes no steeper than 5% across the parking lot. They shall stripe the borders of the crosswalk and infill with diagonal stripes 36" on-center.

        c.      Extend the marked accessible route across the parking lot to a new access aisle that serves two newly planned accessible parking spaces, contemplated under this agreement.

        d.      Insure that the new access aisle slopes no steeper than 2% in all directions, and that it provides a flush transition to the walkway that borders Erik's Delicafé.

2.      Install a minimum of two accessible spaces on the level area facing the north side of See's Candies. One of these spaces shall be van accessible.

3.      Install code conforming towing signs at each entrance to the parking lot. The signs shall include language to the effect that: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at or by telephoning ###-####." The phone number is to be completed with the applicable information.

4.      At the entrance to 1601-W 41st Avenue, install either a power door opener, or a door closer that requires a maximum of 5-pound force to open and closes in no less than 20 seconds.

5.      Install one accessible table in the exterior seating area associated with 1601-W 41st Avenue, so long as 1601-W 41st Avenue is used as a restaurant open to the public and exterior seating is provided for customers.

6.      Install within 1601-W 41st Avenue three accessible seats with required clearance for wheelchairs and relocate the self-service condiments toward front of counter. These requirements only apply so long as the premises are used as a restaurant facility by Erik's DeliCafé.

7.      Regarding the restroom in 1601-W 41st Avenue:

        a.     Modify ramp to the restroom to achieve a slope less than 5% or install a handrail on one side of ramp.

        b.     Perform either Option (i) or (ii):

        i.     Provide 12" minimum strike-side clearance on push side of door.

        ii.     Remove the requirement for such clearance by replacing the existing, automatically latching hardware with non-latching door pulls on both sides of the door and adding an accessible deadbolt.

        c.     Replace lock on restroom entry door that does not require tight grasping and twisting to operate.  This item will not be required if Option (ii) at 7(b)(ii) is performed.

        d.     Provide adequate space per California Building Code (28" minimum) to allow side transfer to toilet.

        e.     Lower towel dispenser and soap dispenser to 40" maximum.

        f.     The requirements of this Paragraph 7 shall be deemed to have been met if the bathroom is reconfigured in substantial compliance with one of the two options outlined in Attachment B to the Consent Decree and Order.

        g.     The requirements related to the interior restroom shall be applicable, so long as the bathroom located at 1601-W 41st Avenue is contained within a business which is open to the public.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# ATTACHMENT B



Proposed Conceptual Accessible Restroom Plan (not for construction) Option #2

Erik's DeliCafe



Proposed Conceptual Accessible Restroom Plan (not for construction) Option #1
Erik's DeliCafe